**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

**IN THE MATTER OF:**

Shaun Paul Gober                                  Bankruptcy Case No. 21-00147-jwb
                                                  Honorable James W. Boyd
                                                  Chapter 7
                  Debtor.
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF**
**SALE/SETTLEMENT AGREEMENT WITH DEBTOR**

      Kelly M. Hagan, Trustee, by and through her counsel, Beadle Smith, PLC, hereby states for Trustee's Motion for Approval of Sale/Settlement Agreement with Debtor ("Motion") as follows:

      1.      On January 21, 2021, Shaun Paul Gober ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as Amended, Title 11 ("Petition Date").

      2.      Subsequent to the aforementioned filing, Kelly M. Hagan was appointed the duly qualified and acting Chapter 7 Trustee in this matter.

      3.      The Trustee has avoided a lien attaching to the Debtor's 2014 Bravo Trailer which is held by the bankruptcy estate pursuant to 11 U.S.C. §551.

      4.      The Debtor has non-exempt equity in the following assets:

| ASSET | SCHEDULED VALUE | TRUSTEE VALUE | EXEMPTION LIEN | EQUITY |
|---|---|---|---|---|
| 1985 Porsche | $2,500 | $3,000 | $2,500 | $500 |
| 2004 Buell mc | $2,500 | $2,600 | $2,500 | $100 |
| 2014 Bravo Tr | $1,200 | $3,500 | avd lien | $3,500 |
| 1973 Opel GT | $1,500 | $1,600 | $1,500 | $100 |
| 2016 Manitou Pon Boat 25 ft | $64,000 | $57,000 | $56,000 | $1,000 |

(collectively referred to as the "Personal Property").

      5.      The Debtor desires to retain the bankruptcy estate's entire interest in the Personal Property and has offered the sum of $3,000.00. The Trustee has had the Personal Property

inspected and believes that the sum offered is fair and reasonable and has agreed to the settlement with the Debtor.   A copy of the Settlement/Sale Agreement submitted herewith as Exhibit A.

5. The Personal Property is being transferred back to the Debtor as is where is and without any warranties of any kind, and the 2014 Bravo Trailer shall be free and clear of the avoided lien.

6. The Trustee believes that permitting the Debtor to retain the entire interest in the Personal Property is in the best interest of the estate and creditors and believes the price is fair and reasonable.

7. Trustee is seeking authority to transfer the Personal Property pursuant to 11 U.S.C. §363(b).

**WHEREFORE**, the Trustee requests this Honorable Court enter the proposed Order submitted herewith granting the Trustee authority to transfer the Personal Property to the Debtor for the full sum of $3,000.00 pursuant to the terms of the Settlement/Sale Agreement submitted herewith and for such other and further relief this Court deems just and proper.

Respectfully submitted,

BEADLE SMITH, PLC

 /S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorney for Trustee
445 S. Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094, Ext. 15
ksmith@bbssplc.com

Date: 7/15/21

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

IN THE MATTER OF:

Shaun Paul Gober                                    Bankruptcy Case No. 21-00147-jwb
                                                    Honorable James W. Boyd
                                                    Chapter 7

                    Debtor.
_____/

**SALE/SETTLEMENT AGREEMENT**

Kelly M. Hagan, Trustee of the bankruptcy estate of Shaun Gober ("Trustee") and Shaun Paul Gober ("Debtor") (the Trustee and Debtor are collectively referred to as the "Parties"), individually or through their respective attorneys, agree as follows:

1. The Trustee is the duly appointed Chapter 7 trustee in this bankruptcy case.

2. The Trustee asserts that the Debtor holds non-exempt equity in personal property set forth below:

| ASSET | SCHEDULED VALUE | TRUSTEE VALUE | EXEMPTION LIEN | EQUITY |
|---|---|---|---|---|
| 1985 Porsche | $2,500 | $3,000 | $2,500 | $500 |
| 2004 Buell mc | $2,500 | $2,600 | $2,500 | $100 |
| 2014 Bravo Tr | $1,200 | $3,500 | avd lien | $3,500 |
| 1973 Opel GT | $1,500 | $1,600 | $1,500 | $100 |
| 2016 Manitou Pon Boat 25 ft | $64,000 | $57,000 | $56,000 | $1,000 |

(collectively referred to as the "Personal Property"). The Debtor asserts that, with the exception of the 2014 Bravo Trailer, the Personal Property has no value to the bankruptcy estate.

3. In an effort to resolve the estate's interest in the Personal Property without the need for the sale of the Personal Property, Trustee and Debtor have agreed that the Debtor shall pay to the bankruptcy estate the sum of $3,000.00 ("Settlement Proceeds"). The Settlement Proceeds shall be paid upon the execution of this. The payment shall be made payable to Kelly M. Hagan, Trustee and delivered to the Trustee at P.O. Box 6844, Traverse City, MI 49686.

1

    4.    The Settlement Proceeds shall be allocated as follows:

**Shaun Gober Estate**

| | |
|---|---|
| 1985 Porsche | $400 |
| 2004 Buell mc | $100 |
| 2014 Bravo Tr | $2,000 |
| 1973 Opel GT | $100 |
| 2016 Manitou Pon Boat 25 ft | $400 |

    5.    Upon full and final payment of the Settlement Proceeds, the Trustee releases any and all claims the bankruptcy estate may have in the Personal Property and such property shall be deemed abandoned by the bankruptcy estate.  Until full payment as required pursuant to this Agreement, the Personal Property shall remain property of the bankruptcy estate of Shaun Gober.  The Property is being transferred as is where is and subject to all liens and encumbrances.

    6.    Provided that this Agreement is not in default by the Debtor, the remaining balance shall not accrue interest.  If Debtor fails to cure any monetary or non-monetary default of this Agreement within fourteen (14) days ("Default"), then and in such event, the Trustee, may declare all unpaid Settlement Proceeds immediately due and payable, without notice or demand, and impose interest on any unpaid balance from the date of the default forward at the rate of six (6) percent per annum.  Upon Default of this Agreement by the Debtor, Debtor agrees to pay any and all expenses, including actual attorneys' fees and legal expenses, paid or incurred by the Trustee in collecting the Settlement Proceeds and taking possession of the Personal Property for the purposes of sale by the Trustee.  Upon Default by the Debtor, the Trustee shall be entitled to the immediate possession of the Personal Property and Debtor agrees to immediately turnover to the Trustee the Personal Property if requested by the Trustee for the purpose of sale.

    7.    Upon Default, the Debtor hereby consents to the entry of a money judgment against him in the amount of $3,000.00, interest at the rate of 6% from the date of this agreement on any outstanding balance plus costs permitted by this Agreement, less payments received by the Trustee under this Agreement ("Stipulated Judgment").  Upon presentation by the Trustee of the Stipulated Judgment, Debtor shall immediately execute the Stipulated Judgment and deliver it to the Trustee for entry with the bankruptcy court or any court of competent jurisdiction.  In the event the Debtor fails to execute and deliver the Stipulated Judgment within seven days of service of the Stipulated Judgment by first class mail upon Debtor at the address set forth in the Petition or any other address provided to Trustee's attorney in writing, Debtor hereby consents to and grants the Trustee, or her attorneys, the right, power and authority to execute the Stipulated Judgment on his behalf .  In such event, Debtor appoints the Trustee and Trustee's attorneys as his attorneys in fact for the purpose of executing the Stipulated Judgment on his behalf and for submitting the Stipulated Judgment to a court of competent jurisdiction for entry.  All payments made by the Debtor through the date of Default shall be applied to the total balance due on the Settlement Proceeds.  The sale proceeds shall go first to cover the Trustee's cost of sale, expenses incurred by the Trustee as a result of the Default, including actual attorneys' fees and legal expenses paid or incurred by the Trustee, then applied to the remaining balance due on the Settlement Proceeds.  Any surplus remaining shall be paid over to the Debtor.

8. Any delay on the part of the Trustee in the exercise of any right or remedy shall not operate as a waiver thereof, no single or partial exercise by the Trustee of any right or remedy shall preclude any other future exercise thereof or the exercise of any other right of remedy, and no waiver or indulgence by the Trustee of any default shall be effective unless in writing and signed by the Trustee.

9. This Sale/Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval.

10. This Sale/Settlement Agreement may be executed in counterparts which will have the same force and effect as if a single agreement was executed. The Parties also consent to be bound by signatures reproduced by facsimile or other means.

11. This Sale/Settlement Agreement contains the entire agreement between the Trustee and the Debtor and may only be modified by written consent between the Parties.

Agreed to:

 /S/   Shaun Gober
Shaun Gober, Debtor

Dated: 7/14/21


KELLY M. HAGAN, TRUSTEE


By: /S/  Kevin M. Smith
Kevin M. Smith (P48976)
Beadle Smith, PLC
Attorneys for Trustee
445 S. Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094
ksmith@bbssplc.com


Dated: 7/14/21

3

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

**IN THE MATTER OF:**

Shaun Paul Gober Bankruptcy Case No. 21-00147-jwb
 Honorable James W. Boyd
 Chapter 7

 Debtor.
 /

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF**
**SALE/SETTLEMENT AGREEMENT WITH DEBTOR**

PRESENT: **HONORABLE JUDGE BOYD**
United States Bankruptcy Judge

 This matter having come before this Honorable Court based upon the Trustee's Motion for Approval of Sale/Settlement Agreement with Debtor("Motion")(DN  ) filed on July 15, 2021;  no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

 **NOW, THEREFORE,**

 **IT IS HEREBY ORDERED** that Trustee's Motion is granted in all respects and the Debtor shall pay the Trustee the sum of $3,000.00 pursuant to the terms of the Settlement/Sale Agreement submitted with the Trustee's Motion.

**END OF ORDER**

Prepared by:
Kevin M. Smith (P48976)
Beadle Smith, PLC
445 S. Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094 x15
ksmith@bbssplc.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

**IN THE MATTER OF:**

Shaun Paul Gober                                                       Bankruptcy Case No. 21-00147-jwb
                                                                       Honorable James W. Boyd
                                                                       Chapter 7

                               Debtor.
_____/

**NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO**
**TRUSTEE'S MOTION FOR AUTHORITY TO TRANSFER A VEHICLE**
**TO DEBTOR PURSUANT TO 11 U.S.C. 363(b)**

      Trustee, Kelly M. Hagan, has filed Trustee's Motion for Approval of Sale/Settlement Agreement with Debtor Shaun Paul Gober. The Trustee's Motion is on file in the offices of the Clerk of United States Bankruptcy Court, Western District of Michigan, One Division Ave., NW, Room 200, Grand Rapids, Michigan, where it may be inspected during the regular Court hours. Persons seeking further information regarding these matters are invited to make inquiry to Trustee or her counsel.

      **Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one.**

      If you do not want the Court to grant the relief requested, then not later than 21 days of the date of this Notice, you or your attorney must:

1. File with the Court a written response to the Motion explaining your position, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013 (W.D.M.), at:

    United States Bankruptcy Court, Western District of Michigan
    One Division Ave., N.W., Room 200, Grand Rapids, Michigan 49503

    If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

    You must also mail a copy to: Kevin M. Smith, Attorney for Trustee [see address below]

    **Please refer to Administrative Order 2004-06 (Mandatory Electronic Filing), effective January 1, 2005, for practices and procedures for filing pleadings with the Court.**

2. If a written response is filed, the Court will schedule a hearing on the Motion and send you notification of the date, time and place of such hearing. If no response is filed, a hearing will not be held and the requested relief of the Trustee will be granted.

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the Motion, in which event the relief requested in the Motion will be granted.**

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)
Ksmith@bbssplc.com

Date Served: 7/15/21